UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIAN FANG LI,

           Petitioner,

     v.

SERGIO ALBARRAN, et al.,

           Respondents.

No. 1:26-cv-00980-DAD-EFB

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING RESPODNENT'S MOTION TO MODIFY THE TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. No. 1, 11)

On February 4, 2026, petitioner Lian Fang Li filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) In support of his habeas petition petitioner alleges and provides evidence of the following.

Petitioner entered the United States on April 22, 2023. (Doc. No. 1 at ¶ 2.) On April 23, 2023, petitioner was provided a Notice to Appear for removal proceedings, which stated that he is a native and citizen of the People's Republic of China.[1] (Doc. No. 1-3 at 5.) That same day,

---

[1] The notice stated it was provided orally to petitioner in the Spanish language, despite his being a citizen of China, and that petitioner refused to sign the notice. (Doc. No. 1-3 at 6.)

1

petitioner was provided a Notice of Custody Determination which stated that petitioner was to be released on his own recognizance, which petitioner also refused to sign. (*Id.* at 8.)  In addition, petitioner was provided an Order of Release on Recognizance on May 3, 2023, which he did sign. (*Id.* at 1.)  Petitioner was then re-detained by immigration authorities on November 13, 2025. (Doc. No. 1-4 at 1.)  Petitioner alleges he was not provided notice of the reason for his re-detention or a hearing before a neutral decision maker.  (Doc. No. 1 at ¶ 13.)

On February 5, 2026, the court ordered respondents to file an opposition to petitioner's motion for temporary restraining order no later than 5:00 PM on February 6, 2026.  (Doc. No. 7.) Respondents did not file an opposition despite being ordered to do so.

On February 11, 2026, the court granted petitioner's motion for a temporary restraining order in part, ordering petitioner's immediate release and enjoining and restraining respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before an immigration judge ("IJ") where respondents will have the burden to demonstrate that petitioner is a danger to the community or flight risk.  (Doc. No. 8.)  The court denied petitioner's requests for an order prohibiting his transfer outside the Eastern District of California and his removal from the United States.  (*Id.*)

On February 13, 2026, respondents filed a motion seeking to modify the temporary restraining order to allow respondents to execute a purported final order of removal with respect to petitioner.  (Doc. No. 11.)  Respondents argue therein that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2) and that they "do not know whether they will violate the TRO if they take custody of Petitioner for the sole purpose of swiftly executing his final order of removal to China, without a pre-deprivation hearing." (*Id.* at 2.)  Notably, respondents do not

/////

/////

/////

/////

/////

/////

2

explain why petitioner's detention would be necessary in order for them to execute a removal order.[2]  In support of their motion to modify the temporary restraining order, respondents provide evidence of the following.

On March 20, 2024, petitioner was ordered removed to China *in absentia*.  (Doc. No. 11-2 at 1–2.)  On April 4, 2024, petitioner's motion to reopen removal proceedings was denied.  (*Id.* at 3–6.)  On February 9, 2026, petitioner's request to stay removal pending his appeal to the Board of Immigration Appeals ("BIA") was denied.  (Doc. No. 11-3 at 1–2.)  Respondents state that "the government has a travel document that will allow it to execute the final order of removal immediately[]" but they have provided no evidence to the court in support of this statement. (Doc. No. 16 at 1.)

On February 27, 2026, petitioner filed a reply in support of both his habeas petition and the court's temporary restraining order.  (Doc. No. 13.)  On February 27, 2026, respondents filed a response to petitioner's filing.  (Doc. No. 14.)  On March 3, 2026, petitioner filed a reply in support of his opposition to respondent's motion to modify the temporary restraining order. (Doc. No. 15.)  On March 10, 2026, respondents filed a combined opposition to injunctive relief and answer to the habeas petition.  (Doc. No. 16.)  On March 11, 2026, petitioner filed a combined reply to respondent's opposition to injunctive relief and traverse in support of his habeas petition.[3]  (Doc. No. 17.)

---

[2]  Respondents argue that this court lacks jurisdiction in this habeas action to enjoin petitioner's removal.  (Doc. No. 14 at 1–2.)  "8 U.S.C § 1252(g) precludes this court from exercising jurisdiction over the executive's decision to 'commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"  *J.S.H.M v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *8 (E.D. Cal. Oct. 16, 2025).  Indeed, the court denied petitioner's request to enjoin his removal in ruling on petitioner's motion for a temporary restraining order.  (Doc. No. 8.) Here, the court does not review the decision to conduct removal proceedings or execute any removal order.  Rather, the court confines its inquiry to whether petitioner's detention "comports with statutory and constitutional requirements."  *J.S.H.M*, 2025 WL 2938808, at *8; *see also Jennings v. Rodriguez*, 583 U.S. 281 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in that subsection).

[3]  On February 12, 2026, the parties filed a joint proposed briefing schedule in which they state that they will address whether a hearing is requested on the merits of the habeas petition in their future filings.  (Doc. No. 9 at 2.)  In their numerous filings, neither party has requested a hearing.

3

In his petition for writ of habeas corpus, petitioner argues, as relevant here, that his November 13, 2025 re-detention violated the Due Process Clause.[4] (Doc. No. 1 at ¶¶ 39–50.) In their combined opposition to injunctive relief and answer to the habeas petition, respondents argue that the pending habeas petition is moot because petitioner was released from detention in compliance with the court's temporary restraining order. (Doc. No. 16 at 3.) Petitioner responds that his petition is not moot, apparently basing that contention on the fact that the risk of petitioner's re-detention remains and on the fact that he is challenging his *in abstentia* removal on appeal before the Board of Immigration Appeals. (Doc. Nos. 15 at 4–7; 17 at 2.)

The court finds the briefing submitted by the parties to be largely unhelpful because of its lack of proper focus. First, the court is unpersuaded by respondents' contention that the pending petition has been rendered moot simply because petitioner was released from detention as directed by the court's temporary restraining order. As another judge of this court has recently observed:

> "A habeas petition challenging" incarceration or detention "is never moot simply because, subsequent to its filing, the petitioner has been released from custody." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citations omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998)). The collateral consequences must "be specifically identified," and "only concrete disadvantages or disabilities that [have] in fact occurred, that [are] imminently threatened, or that [are] imposed as a matter of law" are sufficient. *Spencer*, 523 U.S. at 8, 118 S. Ct. 978.

*Viengkhone S. v. Albarran*, No. 1:25-cv-01505-KES-HBK (HC), 2025 WL 3521302, at *5 (E.D. Cal. Dec. 8, 2025), *opinion clarified sub nom. Sikeo v. Albarran*, No. 1:25-cv-01505-KES-HBK (HC), 2026 WL 603740 (E.D. Cal. Mar. 4, 2026).

Second, the court turns to determining the relevant detention authority, which the parties dispute in their numerous filings. Petitioner asserts he is subject to discretionary detention

---

[4] Petitioner also claims that his detention violated the Immigration and Nationality Act, the Administrative Procedure Act, the Equal Protection Clause, and the Suspension Clause. (Doc. No. 1 at ¶¶ 52–78.) The court need not consider these claims because the court will determine that petitioner's detention violated the Due Process Clause.

pursuant to 8 U.S.C. § 1226(a) while his appeal is pending before the BIA.  (Doc. No. 1 at ¶ 3.)  Respondents argue petitioner is now subject to mandatory detention because his removal order is final and he is within the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(2).  (Doc. No. 11 at 2–3.)  For the reasons explained below, the court concludes that respondents are simply incorrect.

The applicable detention authority in this case hinges on whether petitioner is currently subject to a removal order that has become final.  In this regard, the Ninth Circuit has explained as follows:

> Section 1231(a) applies to detention after the entry of a final order of removal.  In contrast to Subsections A and C [of section 1226], Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings.  Section 1231 instead governs detention during a ninety-day "removal period" after the conclusion of removal proceedings.  *Id.* § 1231(a)(1)–(2). This "removal period" begins on the latest of either (1) the date a noncitizen's "order of removal becomes administratively final," (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement.  *Id.* § 1231(a)(1)(B)(i)–(iii).

*Avilez v. Garland*, 69 F.4th 525, 530–531 (9th Cir. 2023).

The court must therefore determine whether petitioner's removal order is administratively final.  Petitioner asserts that his applications for asylum, withholding of removal, and protection under the Convention Against Torture were denied on April 4, 2024, that he appealed from those denials to the BIA on April 11, 2024, and that his appeal remains pending before the BIA.  (Doc. No. 1 at ¶ 11.)  Respondents have provided documentation showing that petitioner was ordered removed *in absentia* on March 20, 2024.  (Doc. No. 11-2 at 1–2.)  Petitioner later moved to reopen his removal proceedings and that motion was denied by the IJ on April 4, 2024.  (*Id.* at 3–6.)  On February 9, 2026, the BIA issued an order denying a stay of removal while petitioner's appeal of the IJ's denial of his motion to reopen is pending before the BIA.  (Doc. No. 11-3 at 2.)

A collateral challenge to a removal order, such as a motion to reopen proceedings, generally does not prevent the removal period from beginning.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 n. 6 (9th Cir. 2008) ("[T]he entry of a stay of removal for any other reason—for

example, a stay entered while a court reviews an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning."). However, motions to reopen removal proceedings when the removal order was entered *in absentia* are not treated as collateral challenges to the removal order, but rather as part of the process required in order to challenge the removal order itself.

> A removal order "become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because *in absentia* removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does not timely file such a motion before the IJ the order becomes final at the end of the 180-day period. "[T]he period in which the alien is permitted to seek review of such order by the [BIA]" also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien could have sought BIA review after first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ.

*Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021) (holding that the IJ's *in absentia* removal order became final only once the 180-day deadline for the filing of a motion to reopen with the IJ had passed); *see also Bonilla v. Hermosillo*, No. 2:25-cv-02196, 2025 WL 3237854, at *3 (W.D. Wash. Nov. 19, 2025) (holding that the petitioner's *in absentia* removal order was not final while his appeal of the IJ's denial to reopen removal proceedings was still pending on appeal); *N.Y.F.S. v. Bondi*, No. 2:25-cv-02556-LK, 2026 WL 91889, at *2 n. 5 (W.D. Wash. Jan. 13, 2026) (holding that petitioner's removal order became final 180 days after the order of removal was issued because *in absentia* removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order).

Respondents argue that, despite the petitioner's pending appeal, his removal order is final because the BIA denied petitioner's request to stay removal pending his appeal. (Doc. No. 11 at 2–3.) However, the BIA order denying the stay makes it clear that petitioner's appeal of the order denying his motion to reopen is still pending. (Doc. No. 11-3 at 2.) The Ninth Circuit has held that "the BIA's interim order denying a stay of removal pending resolution of [petitioner's]

6

motion to reopen cannot qualify as a 'final order of removal.'" *Shaboyan v. Holder*, 652 F.3d 988, 990 (9th Cir. 2011) (in the context of determining whether the court had jurisdiction to review the denial of the stay of removal).

Based on all of the foregoing, the court finds that petitioner is not subject to a final order of removal at this time for purposes of determining whether he is currently subject to mandatory detention during the removal period pursuant to § 1231(a)(2). The court therefore incorporates its reasoning in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2025 WL 3485221, at *3 (E.D. Cal. Dec. 4, 2025) and finds that petitioner is subject to discretionary detention pursuant to § 1226(a) because he was previously released on his own recognizance pursuant to § 1226(a) (Doc. No. 1-3 at 1). The court also incorporates its prior reasoning in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK, 2025 WL 3187578, at *2–5 (E.D. Cal. Nov. 14, 2025) and finds that, absent a change in circumstances, petitioner's detention without notice and an opportunity to be heard was unlawful.

For the reasons stated above:

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances or as required by 8 U.S.C. § 1231(a)(2), without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence.

2.    Respondent's motion to modify the temporary restraining order (Doc. No. 11) is DENIED as moot in light of this order granting the habeas petition on the merits; and

/////

/////

/////

/////

7

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE